DOHRING, plaintiff in error, v. PEOPLE.

*Constitutional law — State constitution, art.* 6, § 13 *—justices of peace not limited as to age — justice de facto —acts of, when valid — justice of sessions as witness.*

Justices of the peace are not within the provision of the constitution (art. 6, § 13) limiting the tenure of judicial office to seventy years of age.

Accordingly, where a justice of the peace who had been chosen after reaching seventy years sat as a justice of sessions at a criminal trial, *held,* that the conviction of the prisoner could not, for that reason, be avoided.

*Held,* also, that even if the justice was not such *de jure,* he was *de facto,* and the conviction was valid.

A justice of the sessions, while sitting at a trial, was called as a witness in the cause, and gave material testimony. *Held,* that, while the justice was thus acting as a witness, the court was disorganized, and a conviction upon that trial was irregular.

CERTIORARI to the court of sessions of Niagara county, bringing up the record and proceedings upon the trial of the plaintiff in error upon an indictment for a rape.

The plaintiff in error was tried and convicted in the Niagara county court of sessions on the 27th day of December, 1871, and sentenced to imprisonment for the term of six years and six months. On the 28th of December a writ of error was allowed and a stay of proceedings by Mr. Justice TALCOTT, directed to the Niagara court of sessions.

The return to the writ was not sufficiently full, and a writ of *certiorari* was issued. By the return to that writ it appeared that Alden S. Baker, one of the justices of the said court of sessions, was, when elected justice of the peace in 1870, over seventy years of age, upon the ground of which fact plaintiff in error, before sentence, moved an arrest of judgment, claiming that the court was not a legally constituted court of sessions, by reason of the disability

of said Baker to sit. During the trial said Baker was called and sworn as a witness by both the prisoner and the people, and gave some testimony.

*W. S. Farnell,* for plaintiff in error.

*M. F. Southworth,* district-attorney of Niagara, for the people.

E. DARWIN SMITH, J. When, after conviction, the prisoner, the plaintiff in error, was brought up for sentence, a motion was made by his counsel in arrest of judgment, upon affidavits showing that one member of the court of sessions was elected a justice of the peace in April, 1870, being then upward of seventy years of age, and was at the November general election following elected a justice of the sessions for said county of Niagara, and insisted that for that reason the said court of sessions was not properly constituted, and that the proceedings upon the trial and the conviction were void. The provisions in the 13th section of article 6 of the constitution as amended in 1869, that "no person shall hold the office of justice or judge of any court longer than until and including the last day of December next after he shall be seventy years of age," does not, I think, apply to justices of the peace. They are not within the purview or intent of the provision. This provision relates to the judges and justices of the court of appeals, justices of the supreme and superior and city courts. Two justices of the peace in each county designated for that purpose according to law, are authorized to sit in the courts of oyer and terminer and sessions; but they sit there by virtue of their election as justices of the peace and not as judges of such courts.

Judge FOLGER, in *People* v. *Gardner,* 45 N. Y. 820, shows the reason and intent of this provision. He was in the convention and chairman of the committee on the judiciary which devised and reported the amended article to the convention. He shows that it was intended to impose a limit to the enlarged terms of the judges of the higher courts of the State mentioned in said amended article.

But if it were doubtful whether Baker was a proper member of the court as a *de jure* justice of the peace, he was a *de facto* justice and member of said court, and the conviction was, therefore, valid, within the cases of *Nelson* v. *People,* 23 N. Y. 296, and *People* v. *White,* 24 Wend. 525.

But we are nevertheless of the opinion that the motion in arrest of judgment ought to have been granted, upon the ground and for the reason that the said Justice Baker was called and sworn as a witness in the cause, and gave substantial testimony during the progress of the trial. While he was upon the witness stand, to which he was several times called, there was no lawfully constituted court for the trial of the cause. It was disorganized by calling him from the bench and subjecting him to examination as a witness. There was, while he was thus occupying the stand as a witness, no court to pass upon the questions relating to the admissibility of evidence or any other question — there was, in fact, no court of sessions. This must be composed of the county judge and two justices. This fact was well known to the court of sessions, and distinctly appears upon the record in the exceptions before us.

And we think for this reason the conviction was irregular, and that the same must be reversed and a new trial granted, and the case and proceedings remitted to the court of sessions for that purpose.

*Conviction reversed and new trial granted.*